Julia M. I. Holden, Esq.
Oles Morrison Rinker & Baker LLP
745 West 4th Avenue, Suite 502
Anchorage, Alaska 99501-2136
holden@oles.com
Ph.:    (907) 258-0106
Fax:   (907) 258-5519
          Attorneys for MacDonald Miller Alaska, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA for the use And benefit of MACDONALD MILLER ALASKA, INC., an Alaska corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>AMERICAN AUTOMOBILE INSURANCE COMPANY, Under Bond No. SCR 111 4161 5747<br><br>           Defendant. | **Case No. 3:06-cv-00114-TMB**<br><br><br><br><br><br>**JOINT SCHEDULING AND PLANNING CONFERENCE REPORT** |

1.     **Meeting**.  In accordance with F.R.Civ.P. 26(f), counsel for American Automobile Insurance Company ("AAIC") and counsel for MacDonald Miller Alaska, Inc., conferred on October 15 and 16, 2007.  The parties agree to the following:

2.     **Pre-Discovery Disclosures.**  The information required by F.R.Civ.P. 26(a)(1):

       __X__  have been exchanged by the parties

       _____  will be exchanged by the parties by:

       Proposed changes to disclosure requirements:  *None.*

Preliminary witness lists

   X   have been exchanged by the parties

_____ will be exchanged by the parties by

3. **Contested Issues of Fact and Law.**  The parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

   1. Whether American Insurance owes MacDonald Miller for unpaid amounts MacDonald Miller earned under the contract with International Steel;

   2. Whether MacDonald Miller's complaint violates AS § 36.25.020(c) in that this suit was filed after the expiration of one year after the date of final settlement of the contract.

   3. Whether MacDonald Miller's work was negligence and defective.

   4. Whether MacDonald Miller failed to comply with the terms of the construction contracts involving MacDonald Miller and the State of Alaska and International Steel.

   5. Whether subcontractor MacDonald Miller's claim has been paid and satisfied, in whole or in part, by general contractor E. Brown, dba International Steel.

   6. Whether MacDonald Miller has satisfied all conditions precedent to AAIC's payment bond obligations.

4. **Discovery Plan.**  The parties jointly propose to the court the following discovery plan:

A. Discovery will be needed on the following issues:

1. Whether American Insurance owes MacDonald Miller for unpaid amounts MacDonald Miller earned under the contract with International Steel;

2. Whether MacDonald Miller's complaint violates AS 36.25.020(c) in that this suit was filed after the expiration of one year after the date of final settlement of the contract.

3. Whether MacDonald Miller's work was negligent and defective.

4. Whether MacDonald Miller failed to comply with the terms of the construction contracts involving MacDonald Miller and the State of Alaska and International Steel.

5. Whether subcontractor MacDonald Miller's claim has been paid and satisfied, in whole or in part, by general contractor E. Brown d/b/a International Steel.

6. Whether MacDonald Miller has satisfied all conditions to AAIC's payment bond obligations.

B. All discovery commenced in time to be completed by ("discovery close date"): January 15, 2008. The parties request this amount of time to allow for the global resolution of the state's claim. MacDonald Miller's payment bond claim against Fireman's fund and AAIC's indemnity claim against the Browns. The time is necessary because global resolution is complicated and subject to approval in bankruptcy court due to the bankruptcy of International Steel. If global resolution is not reached or is disapproved, it is likely that Ed Brown will sue MacDonald Miller and MacDonald Miller will countersue, thereby complicating matters further and potentially leading to consolidation of this matter with *Fireman's Fund Ins. Co. v.*

*Edward Brown et al.*, Case No. 3:07-cv-00149 (JWS). It is in the interests of judicial economy and all involved parties to resolve the dispute globally rather than piecemeal resolution of the MacDonald Miller-Fireman's Fund dispute only. The requested discovery window allows the parties time to attempt to finalize agreement and complete discovery should this matter proceed by itself.

C. Limitations on Discovery.

   1. Interrogatories.

    __x_ No change from F.R.Civ.P. 33(a)

    ____ Maximum of ___ by each party to any other party.

    Responses due in ___ days.

   2. Requests for Admissions.

    __x_ No change from F.R.Civ.P. 36(a)

    ____ Maximum of ___ requests.

    Responses due in ___ days.

   3. Depositions.

    __x_ No change from F.R.Civ.P. 36(a), (d).

    ____ Maximum of ___ depositions by each party.

       Depositions not to exceed ____ hours unless greed to by all parties.

    D. Reports from retained experts.

      __x_ Not later than 90 days before the close of discovery subject to F.R.Civ.P. 26(a)(2)(C).

      ____ Reports due:

    E. Supplementation of disclosures and discovery response are to be made:

      ____ Periodically at 60-day intervals from the entry of scheduling and planning order.

      __x_ As new information is acquired, but not later than 60 days before the close of discovery.

    F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

      __x_ 45 days prior to close of discovery.

      ____ Not later than (*insert date)*

5. **Pretrial Motions.**

    __x_ No change from D.Ak. LR 16.1(c).

    The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply.]

    ____ Motions to amend pleadings or add parties to be filed not later than (*insert date)*.

    ____ Motions under the discovery rules must be filed not later than (*insert date)*.

    ____ Motions in limine and dispositive motions must be filed not later than (*insert date)*.

6. **Other Provisions:**

   A. __x_ The parties do not request a conference with the court before the entry of the scheduling order.

   ___-_ The parties request a scheduling conference with the court on the following issue(s):

   Plaintiff's failure to participate

   B. Alternative Dispute Resolution. [D.Ak. LR 16.2]

   ____ This matter is not considered a candidate for court-annexed alternative dispute resolution.

   __x_ The parties will file a request for alternative dispute resolution not later than December 3, 2007.

   __x_ Mediation          ____ Early Neutral Evaluation

   C. The parties ___do _x_ not consent to trial before a magistrate judge.

   D. Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

   __x__ All parties have complied     ____ Compliance not required by any party

7. **Trial.**

   A. The matter will be ready for trial:

   __x_ 45 days after the discovery close date.

   ____ not later than (*insert date*).

   B. This matter is expected to take _3_ days to try.

C. Jury Demand   ___Yes   _x_ No

Right to jury trial disputed?  ___Yes   ___ No

| | |
|---|---|
| Dated:  October 16, 2007 | OLES MORRISON RINKER & BAKER LLP<br>Attorneys for MacDonald Miller Alaska, Inc.<br>By: /s Julia M. I. Holden<br>　　　Julia M. I. Holden<br>　　　holden@oles.com<br>　　　Alaska Bar No. 0310046<br>　　　745 West 4th Avenue, Suite 502<br>　　　Anchorage, AK 99501<br>　　　Phone: (907) 258-0106<br>　　　Fax:  (907) 258-5519 |
| Dated:  October 16, 2007 | BULLIVANT HOUSER BAILEY PC<br>Attorneys for American Automobile Insurance Company<br>By: /s J. Dino Vasquez (consent)<br>　　　J. Dino Vasquez<br>　　　dino.vasquez@bullivant.com<br>　　　Alaska Bar No. 0111083<br>　　　1601 Fifth Avenue, Suite 230<br>　　　Seattle, WA 98101-1618<br>　　　Phone: (206) 292-8930<br>　　　Fax:  (206) 386-5130 |
| Dated:  October 16, 2007 | GASCOU HOPKINS LLP<br>Attorneys for American Automobile Insurance Company<br>By: /s René J. Gascou, Jr. (consent)<br>　　　René J. Gascou, Jr.<br>　　　rgascou@gascouhopkins.com<br>　　　Pro Hac Vice<br>　　　10990 Wilshire Blvd., Suite 1280<br>　　　Los Angeles, CA 90024<br>　　　Phone: (310) 445-1816<br>　　　Fax:  (310) 445-1886 |

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2007, a true and correct copy of the foregoing was served electronically on:

J. Dino Vasquez
Bullivant Houser Bailey PC
dino.vasquez@bullivant.com
1601 Fifth Ave., Ste. 2300
Seattle, WA 98101-1618

René J. Gascou
Gascou Hopkins LLP
rgascou@gascouhopkins.com
10990 Wilshire Blvd., Ste. 1280
Los Angeles, CA 90024

OLES MORRISON RINKER & BAKER LLP

By: /s Julia M. I. Holden